†JOHN HAGERTY, AUDITOR, v. AARON McNEILL ET AL.

1. ASSETS OF BANKS TO BE RETURNED FOR TAXATION BY ASSIGNEE.

Under the statutes of this state, "money," including gold and silver coin, bank notes of solvent banks in actual possession, and every deposit which the person owning, holding in trust, or having the beneficial interest therein is entitled to withdraw in money on demand;" held by an assignee or trustee for the benefit of creditors on the day preceding the second Monday of April, of any year, must be returned by him for taxation for the current year, as well as all specific articles of personal property, and all "investments in bonds, stocks, joint stock companies or otherwise held by him as such assignee or trustee, which, under the law, are taxable if held by an individual, a resident of this state.

2. PROPERTY NOT CREDITS FROM WHICH DATES MAY BE DEDUCTED.

From the value of such property so held, the assignee or trustee can not legally deduct the sum of the legal bona fide debts owing by his assignor at the time for making such return—no part of such property coming under the head of "credits" as defined in sec. 2730, Rev. Stat., from the sum of which the statute allows to be deducted the sum of the legal bona fide debts owing by the person from whom the return is made. Payne v. Watterson, 37 O. S., 121.

3. NOTES FOR SALE OF TRUST PROPERTY ARE CREDITS.

Where such assignee or trustee holds notes given to him for property of the trust estate sold by him, such notes in his hands are "credits," from the value of which the sum of the bona fide debts of the assignor may be deducted.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

In these three cases, that above, and of Schott, treasurer, v. Goebel, trustee, and Same v. Henshaw, trustee, three questions are presented for our decision, viz.:

First—Where a person, or a partnership of this state, has transferred all of his or its property to an assignee for the benefit of creditors, and such person or firm is wholly insolvent, and unable to pay his or its debts in full, and on the day preceding the second Monday in April, such assignee or trustee has in his possession, belonging to the trust estate, money or "moneys" received by him as assignee or trustee, in gold or silver coin, bank notes of solvent banks in actual possession, or in the form of a deposit, which the trustee is entitled to withdraw on demand (which, under the terms of the statute, for purposes of taxation, is to be considered as money), is it required to be returned for taxation by such assignee or trustee, and on which taxes may be legally assessed and collected; and

Second—Whether such trustee or assignee holding claims due said trust estate, as notes and accounts, due to the assignor, is entitled to deduct from the amount thereof the sum of the legal bona fide debts owing by such assignor, and, like an individual, only return, under the head of "credits," the excess of the sum of all legal claims or demands, whether for money or other valuable thing, or for labor or services due or to become due to the person liable to pay taxes thereon, including deposits in banks, or with persons in or out of this state, or such as are held to be money, as hereinbefore defined, when added together (estimating every such claim or demand at its true value in money) over and above the sum of legal bona fide debts owing by such person.   Sec. 2730, Rev. Stat.

And Third—Whether moneys invested by such assignee or trustee in "bonds, stocks, joint stock companies and otherwise," which investments, if held by a resident of this state, would be taxable in his hands under our laws, taxable in the hands of such assignee or trustee.

We are of the opinion that each of these questions should be answered in the affirmative; that it was the purpose and intention of the statute that the assignee

† This judgment was reversed by the supreme court; see opinion, 51 O. S., 255.

should represent the estate of his assignor, and that the return of the estate for taxation should be made by the assignee or trustee, substantially in the same manner as if this property, in the hands of the assignee, still stood as that of the assignor—that is, for instance, if the assignor was the owner of a large amount of chattel property, like a stock of goods, or a drove of cattle; that if this be assigned, and is still in the hands of the assignee, on the day preceding the second Monday of April, it is not exempt from taxation, but must be returned for taxation by him; and so, of any money actually held by the assignee, and still on hand, this must be returned, including any deposit in bank which the trustee is entitled to withdraw on demand, and which, by the terms of the statute, for taxation purposes is to be considered as money.

In the case of Goebel, trustee of Simpkinson & Company, the petition alleges that the property held by him, as trustee, on April 10, 1892, (the day preceding the second Monday of April of that year) was as follows:

| | |
|---|---|
| Money subject to draft | $3,691 00 |
| Amount of all moneys invested in bonds and stocks, joint stock companies and otherwise | 206,479 00 |
| Making total of cash, bonds, stocks and securities, comprising the assets in the hands of the plaintiff as such trustee | $210,170 00 |

The whole of this amount was, by the judgment of the court of common pleas, held to be not taxable in the hands of the trustee, simply on the averments of the petition. If the amount so invested in "bonds, stocks, joint stock companies and otherwise," was invested in such securities as would have been subject to taxation if held by an individual, say in the hands of the assignors themselves, we think they would be taxable in the hands of the trustee, and that such securities, as bonds, stocks, and stock in joint stock companies, are taxable unless exempted by law, and do not come within the meaning of the term "credits," as used in the statute, so that the sum of the legal "bona fide debts" of the assignor may be deducted therefrom.

In the McNeill case, the property in the hands of the assignee, which he claimed was exempt from taxation, was $16,290, in notes received by him for property of the trust sold by him; other notes and accounts probably collectible, amounting to $2,620, and money in banks subject to his draft, $7,000. The notes so given to the assignee, and the accounts which were due to the assignor, and which are still held by the assignee, we think do come under the head of "credits," from which the assignee is entitled to deduct the sum of the bona fide debts of the assignor; but the $7,000 in bank was money, and was subject to taxation.

In the Henshaw case, the only question is as to the $7,010, money in bank, and subject to the draft of the assignee, and this comes within the ruling hereinbefore made.

In opposition to this view of the taxability of "moneys," as the term is defined in the statute, or of specific articles of personal property, or of any property in the hands of an assignee, it is urged by counsel for the defendants in error that this cannot be so as to such assets in the hands of an assignee or trustee of an insolvent debtor, for the reasons:

First—That the statute makes no provision for the payment of any such taxes thereon by the assignee; and that sec. 6355, Rev. Stat., only provides "that all taxes of every description, assessed against the assignor, upon personal property held by him before his assignment, shall be paid by the assignee or trustee out of the proceeds of the property assigned, in preference to any other claims against the assignor."

It is true that there does not seem to be any express provision as to the payment by an assignee of taxes levied or assessed on property of the trust in his hands after the assignment, or which makes them payable in preference to other claims against the trust estate. But if the property in the hands of an assignee is subject to taxation, as seems clear under the provision of sec. 2731, "that all property,

whether real or personal, in this state, and whether belonging to individuals or corporations, and all moneys, credits, etc. . . . . of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom," it must be returned for taxation, and under the provisions of sec. 2734, Rev. Stat., this return must be made by a trustee who holds such property for others. Whether the taxes levied thereon can be collected from the assignee, if he has no funds to pay the same, or whether the tax itself stands on any better footing than the other debts of the assignor, is another question; but if it has to be returned by the assignee, we are of the opinion that it would have preference in payment over at least the claims of the general creditors of the assignor, and if funds sufficient to pay the same are in the hands of the assignee, that he would be bound to pay them. While the statute does not seem to make the taxes on personal property a lien thereon, it does provide modes for the securing and collection thereof from the person making the return, and, among others, sec. 2838 provides that "all personal property subject to taxation shall be liable to be seized and sold for taxes."

That the assignee would be entitled to credit for such taxes paid, we think is clear. If it does not come within the terms of sec. 6351, as to the payment of incumbrances and liens on the property sold, or rights or credits collected, it is covered by the provisions of sec. 6359, which requires that before any dividend is declared, the assignee or trustee is to be compensated by his commissions, etc., and is to be allowed for his actual and necessary expenses, and for any extraordinary expenses incurred about the trust estate. If this statute warrants an allowance to an assignee for his outlay in properly caring for and disposing of the assigned property, it will surely justify an allowance to him for the taxes paid by him on personal property in his possession, which he was required by the law to return for taxation, and to enforce the collection of the taxes levied on which, the officer of the state might lawfully seize and sell the property itself.

It is apparent from what has been said, that we do not consider as well founded the claims of the counsel for defendants in error, that the mere fact that an assignee or trustee of an insolvent estate is not specially mentioned in sec. 2734, which points out who shall list personal property, is not a legislative declaration that such a trustee is not bound to return personal property in his hands for taxation. The statute says it shall be returned by the trustee for every person for whose benefit property is held in trust. This is the case with an assignee or trustee of an insolvent debtor. Nor in our judgment is the statute only applicable as claimed, when the trustee has the assets invested in some permanent form, from which income or interest is sought to be derived. Nor do we think the fact that the estate is being administered in the probate court, so puts the moneys or property in the possession and control of that court, as to exempt it from taxation.

The court of common pleas having overruled the demurrer filed by the county solicitor to the petition in these cases, and given judgment for plaintiffs as prayed for, thereby holding that the money and the "investments in bonds, stocks, joint stock companies and otherwise" in the hands of the several assignees were not taxable, the judgments will be reversed, with costs, and the cases remanded to the court of common pleas for further proceedings according to law.

Spiegel, Bromwell & Foraker, for the county treasurer.

Goebel & Bettinger, Stephens, Lincoln & Smith, and Follett & Kelley, contra.